IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00397-RPM-PAC

KYLE MULLINS, and
JESSE MULLINS,

     Plaintiff(s),

v.

I. C. SYSTEM, INC., a Minnesota corporation,

     Defendant(s).

## ORDER DENYING MOTION FOR A MORE DEFINITE STATEMENT

O. Edward Schlatter, United States Magistrate Judge

     Plaintiffs Kyle and Jesse Mullins sue the defendant, I.C. System, Inc., for violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. §1692, *et seq.*, and assert a pendent state law claim of invasion of privacy.  A February 27, 2007 Order of Reference referred this case to former Magistrate Judge Patricia A. Coan to conduct pretrial proceedings and to issue recommendations for rulings on dispositive motions.  I temporarily assumed Magistrate Judge Coan's caseload upon her retirement.  The matter before the court at this time is Defendant's Motion for a More Definite Statement [Doc. #5; filed April 16, 2007].

     Plaintiffs make the following allegations in their Complaint.  Jesse Mullins incurred a debt on a personal medical account ("the debt") sometime before December 2005. Plaintiff was not able to pay the debt and it went into default with the creditor.  The debt

was thereafter assigned or transferred to defendant I.C. System, Inc, a collection agency.

Between March 2006 and February 2007, plaintiffs received numerous telephone calls and messages at their residence in Trinidad, Colorado, from defendant's employees and representatives who were attempting to collect the debt.  Defendant's employees and representatives called the plaintiffs multiple times a day.  During the telephone calls, defendant's employees and representatives: falsely threatened to take Jesse Mullins to court; falsely threatened to garnish Jesse Mullins' wages; and, falsely threatened to ruin Jesse Mullins' credit if the plaintiffs did not make $200 monthly payments on the debt. Plaintiffs further allege that defendant's employees and representatives repeatedly called the plaintiffs' residence after 9:00 p.m. mountain standard time and repeatedly yelled at the plaintiffs during the telephone calls.

Plaintiffs state that the defendant has not filed any legal action against Jesse Mullins, or garnished his wages.

Plaintiffs claim that the above-described acts by defendant's employees and representatives were part of a campaign to annoy, abuse and harass the plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. §1692d(2) and (5); that the statements constitute illegal communications in connection with the collection of a debt, in violation of 15 U.S.C. §1692c(a)(1); that the statements constitute false or misleading representations, in violation of §1692e(2)(A), (3), (4), (5), (8) and (10); and, that the statements involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore violate 15 U.S.C. §1692f.

Defendant argues that the pleading is deficient because plaintiffs do not identify the number of allegedly unlawful telephone calls or messages received from defendant's employees or representatives, nor do plaintiffs specify the dates on which they occurred. Defendant relies on Fed.R.Civ.P. 9(f) in support of its argument. Rule 9(f) states: "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

As an initial matter, defendant misapprehends the import of Rule 9. "Federal Rule 9(f) does not require the pleader to set out specific allegations of time and place; it merely states the significance of these allegations when a pleader actually interposes them in a complaint or answer." 5A Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure §1309, at 341 (2004).

Fed.R.Civ.P. 12(e) states, in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Motions for more definite statements under Rule 12(e), Fed.R.Civ.P., are generally not favored by the courts because of the liberal pleading requirements embodied in Rule 8(a). *Daley v. Regional Transp. Dist.*, 142 F.R.D. 481, 485 at n. 3 (D.Colo.1992); *Classic Communications, Inc. v. Rural Telephone*, 956 F.Supp. 910, 923 (D.Kan.1997). If the opposing party is able to determine the issues he must respond to, the pleading is

sufficient. *See* 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §1376, at 322 (2004)(noting that "the overall scheme of the [Federal Rules of Civil Procedure] calls for relatively skeletal pleadings and places the burden of unearthing the underlying factual details on the discovery process"); *see also Montagriff v. Adams Cnty School Dist. 14*, 128 F.R.D. 117, 117-18 (D.Colo. 1989)(recognizing that purpose of Rule 12(e) is to "strike at unintelligibility rather than want of detail," citing 2A Moore's Federal Practice ¶12.18).

Allegations of time may be material in certain cases. However, there are no heightened pleading requirements in a FDCPA case. I find that plaintiffs allegations are sufficient to place the defendant on notice of the nature of plaintiffs' claim under the FDCPA and the factual allegations in support of that claim. Plaintiffs are not required to identify the specific date and time that each telephone call occurred. That information is likely contained in the defendant's own records or can be fleshed out during discovery. Plaintiffs have sufficiently alleged the relevant time period as March 2006 through February 2007.[1]

The cases relied on by defendant in support of their motion are factually distinguishable or are not persuasive. In *Rose v. Kinevan*, 115 F.R.D. 250 (D.Colo. 1987), the plaintiff asserted eleven claims for relief against the Air Force and individual

---

[1] Absent any applicable immunity or privilege defenses, the primary function served by allegations of time is to allow the defendant to assert a statute of limitations defense, if applicable. The limitations period for an FDCPA claim is one year. 15 U.S.C. §1692k(d). It is clear from plaintiffs' pleading that their FDCPA claim is not time-barred.

defendants. The district court found that the amended complaint did not provide adequate notice to each defendant of the claim(s) to which that particular defendant was being held accountable, nor did the complaint provide applicable time periods relevant to each claim, or indicate the military status of each defendant, so that the defendants could present immunity defenses. *Id.* at 251-52. By contrast, plaintiffs assert their claims in the present action against one defendant, the applicable time period is alleged, and no immunity defenses are available to the defendant.

In *Gorman v. Wolpoff & Abramson, LLP*, 370 F.Supp.2d 1005 (N.D.Cal. 2005), the district court dismissed the plaintiff's FDCPA claim for failure to comply with Fed.R.Civ.P. 8(a) because the plaintiff had "fail[ed] to allege the date or contents of even one phone call that [the defendant] allegedly made." *Id.* at 1013. The plaintiff's Amended Complaint in *Gorman* alleged the following facts in support of his FDCPA claim:

> During 2003 and continuing through late 2004, the defendants place multiple telephone calls to plaintiff at his residence and his office and made threatening and harassing phone calls regarding the alleged debt, despite being requested by plaintiff both orally and in writing to cease and desist making such telephone communications.

(Plaintiff's Response, Ex. A, First Amended Complaint in *Gorman v. Wolpoff & Abramson, LLP; et al.*, Case No. C-04-4507 JW, United States District Court Northern District of California, at ¶10)

The Mullins' pleading alleges the contents of the telephone calls and is thus more detailed than the conclusory allegations of the Amended Complaint in *Gorman*. I

5

respectfully disagree with *Gorman* to the extent it requires a plaintiff in an FDCPA action to plead specifically the date of each telephone call that allegedly violated the Act. Accordingly, it is

HEREBY **ORDERED** that Defendant's Motion for a More Definite Statement [Doc. #5; filed April 16, 2007] is **DENIED**.  It is

FURTHER **ORDERED** that defendant shall file an Answer or other responsive pleading to the Complaint **on or before July 11, 2007**.

Dated June 21, 2007.

BY THE COURT:

s/ O. Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge